UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

SHANIQUA ROGERS,

        Plaintiff,

                                    **MEMORANDUM AND ORDER**
v.                                      23-CV-536 (RPK) (TAM)

TRANS UNION LLC,

        Defendant.

-----------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

        Shaniqua Rogers brings this action *pro se* against Trans Union LLC under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and New York General Business Law. Defendant has moved for judgment on the pleadings. That motion is granted.

## BACKGROUND

        The following facts are drawn from the amended complaint and are assumed true for the purposes of this order.

        In February 2022, plaintiff sent a letter requesting that defendant "delete . . . two Capital One accounts" from her credit report because "billing errors on both accounts" rendered her credit report "misleading and inaccurate." Am. Compl. 2 (Dkt. #22). Plaintiff does not specify what those billing errors were. *See generally ibid.* Defendant did not remove the two Capital One accounts despite plaintiff sending defendant "a series of letters" and contacting the Attorney General and the Consumer Financial Protection Bureau. *Id.* at 2–3. Defendant "did not respond . . . within 30 days" but later sent plaintiff "responses stating that the accounts were verified." *Id.* at 2. Plaintiff alleges that defendant "did not conduct a proper investigation," and

1

that because of the allegedly "misleading, inaccurate information furnished on [her] credit report," she "missed . . . opportunities to use credit for personal, family and household uses." *Id.* at 2–3.

Plaintiff filed this lawsuit in January 2023. *See* Compl. (Dkt. #1). Plaintiff filed an amended complaint after the Court granted defendant's first motion for judgment on the pleadings and gave plaintiff leave to amend. *See* Mem. & Order 8–9 (Dkt. #21). Plaintiff's amended complaint reasserts claims under the FCRA, which authorizes consumers to sue "[a]ny person" who "willfully" or "negligent[ly]" fails to comply with the FCRA's requirements. 15 U.S.C. §§ 1681n, 1681o. Specifically, plaintiff claims that defendant "fail[ed] to follow reasonable procedures to assure maximum possible accuracy of the information in plaintiff's credit report," in violation of 15 U.S.C. § 1681e(b), and "fail[ed] to comply with its re-investigation responsibilities," in violation of 15 U.S.C. § 1681i. Am. Compl. 3. Plaintiff also brings a state-law claim for violation of the New York Fair Credit Reporting Act ("NYFCRA"), N.Y. Gen. Bus. Law § 380.

Defendant answered the amended complaint, *see* Answer to Am. Compl. (Dkt. #23), and has now moved for judgment on the pleadings, *see* Second Mot. for J. on the Pleadings (Dkt. #27).

Plaintiff filed a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), *see* Mot. for Voluntary Dismissal (Dkt. #28); Opp'n (Dkt. #29), which the Court denied, *see* Oct. 13, 2024 Order. Plaintiff subsequently filed an opposition to defendant's motion for judgment on the pleadings. Resp. to Second Mot. for J. on the Pleadings ("Pl.'s Resp.") (Dkt. #30).

## STANDARD OF REVIEW

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and motions to dismiss under Rule 12(b)(6) are evaluated under the same standard. *Ziemba v. Wezner*,

366 F.3d 161, 163 (2d Cir. 2004). In evaluating either motion, a court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (quoting *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010)). To avoid dismissal, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint, in other words, must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. While the plausibility standard "is not akin to a 'probability requirement,'" it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

The complaint of a *pro se* plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). *Pro se* status, however, does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Defendant's motion for judgment on the pleadings is granted.

### I. Plaintiff Fails to Allege a Plausible FCRA Claim.

Plaintiff's filings, liberally construed, fail to state a FCRA claim.

The amended complaint asserts violations of 15 U.S.C. §§ 1681e(b) and 1681i. Am. Compl. 3. Those sections require defendant to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," 15

3

U.S.C. § 1681e(b), and to "conduct a reasonable reinvestigation" when the "the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer," *id*. § 1681i(a)(1)(A). To bring claims under these provisions, plaintiff must plausibly allege (among other things) that (i) her credit report contained disputed information that is inaccurate, and (ii) defendant failed to follow reasonable procedures to assure maximum possible accuracy of a report, *see id*. § 1681e(b), or to reinvestigate, *see id*. § 1681i. *See, e.g.*, *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269–70 (2d Cir. 2023) (discussing claims under Section 1681e(b)); *Jones v. Experian Info. Sols., Inc.*, 982 F. Supp. 2d 268, 272–74 (S.D.N.Y. 2013) (compiling cases addressing claims under Section 1681i).

Plaintiff fails to satisfy either pleading requirement. First, plaintiff does not adequately allege inaccuracy because she fails to specify what information on her credit report was inaccurate and why. Plaintiff alleges that the inclusion of "two Capital One accounts" on her credit report was misleading and inaccurate because those accounts contained "billing errors," Am. Compl. 2, and she alludes to an "outline . . . of alleged . . . violations," Pl.'s Resp. ¶ 3. But plaintiff nowhere specifies what those billing errors were and how the statements on the report were inaccurate. *See generally* Am. Compl.; Pl.'s Resp. Plaintiff thus fails to plausibly allege inaccuracy as necessary to state a FCRA claim. *See, e.g.*, *Varlack v. Transunion*, No. 23-CV-6760 (LTS), 2023 WL 6608980, at *2 (S.D.N.Y. Oct. 10, 2023) (dismissing Section 1681e(b) claim because plaintiff did not "plead facts about what inaccurate information appeared on her consumer reports . . . other than stating that there was a 'billing error'"). Plaintiff's failure to include the requisite specificity is notable given this Court's prior order granting defendant's first motion for judgment on the pleadings on the same ground. *See* Mem. & Order 4–5 (collecting cases dismissing "Section

4

1681e(b) and 1681i claims . . . that do not identify specific misstatements and explain why they were incorrect").

Second, the amended complaint, like plaintiff's original complaint, is devoid of factual allegations regarding defendant's procedures to ensure the accuracy of its reports, *see* 15 U.S.C. § 1681e(b), or to reinvestigate any disputed information, *see id.* § 1681i; Am. Compl. 2–3; *compare ibid.*, *with* Compl. ¶¶ 8–29 (Dkt. #1). As this Court already noted in granting defendant's first motion for judgment on the pleadings, plaintiff's failure to allege what steps defendant took or failed to take pertaining to the accuracy of its reports is an independent basis to grant judgment in favor of defendant on plaintiff's FCRA claims. Mem. & Order 5–6 (collecting cases).

Accordingly, defendant is entitled to judgment on plaintiff's FCRA claims.

## II.  Plaintiff Fails to Allege a Plausible NYFCRA Claim.

Plaintiff's filings, liberally construed, fail to state a NYFCRA claim.

Plaintiff does not specifically state what provision of the NYFCRA defendant violated. *See generally* Am. Compl. Nonetheless, the Court liberally construes plaintiff's filings to assert a claim under Section 380-j(a) of the NYFCRA. *See* Compl. ¶ 31 (asserting such a claim).

As relevant here, Section 380-j(a) prohibits a consumer agency from "report[ing] or maintain[ing] in the file on a consumer" information "which it has reason to know is inaccurate." N.Y. Gen. Bus. Law § 380-j(a)(4). "Because the language of the NYFCRA and the FCRA is substantially similar," the Court's "conclusions regarding the FCRA also dispose of [plaintiff's] NYFCRA claim[]." *Mader*, 56 F.4th at 267 n.1; *see Ahmad v. Experian Info. Sols., Inc.*, No. 23-CV-2222 (LJL), 2023 WL 8650192, at *4 n.4 (S.D.N.Y. Dec. 14, 2023) ("[T]he Court's discussion of [p]laintiff's claims under the FCRA also applies to the extent he intends to assert claims under the NYFCRA."). As discussed above, plaintiff's FCRA claims are deficient because plaintiff

5

failed to plausibly allege that her consumer report or file contained inaccurate information. *See supra* page 4.

Accordingly, defendant is entitled to judgment on plaintiff's Section 380-j(a) claim.

## CONCLUSION

Defendant's Rule 12(c) motion for judgment on the pleadings is granted. The Clerk of Court is respectfully directed to enter judgment for defendant and close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, so *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

    /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: December 16, 2024
       Brooklyn, New York